IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW GARY SIGAI,                      )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )      Case No. 11-1130-CM-KGG
                                         )
SEDGWICK CLAIMS MANAGEMENT               )
SERVICES, INC., *et al.*,                )
                                         )
            Defendants.                  )
_____)

## MEMORANDUM AND ORDER

Defendants Sedgwick Claims Managements Services, Inc. and Philips Electronics North America Corporation individually move to dismiss Plaintiff Andrew Sigai's claims for improper denial of long-term disability benefits (Docs. 14 and 16). Each motion contains several arguments that require the court to consider the plan document attached to Philips' motion to dismiss. Because plaintiff disputes the authenticity of the plan document, the court cannot consider it in deciding these motions. And defendants' remaining arguments do not justify dismissal. Accordingly, the court denies both motions to dismiss.

### I.     Background

The following summary is derived from the allegations in plaintiff's complaint. Plaintiff worked at Philips from the fall of 1995 to the spring of 2007 and participated in Philips' long-term disability program. Plaintiff applied for disability benefits through the Social Security Administration. On February 26, 2010, plaintiff was found to be disabled. On or around May 20, 2010, plaintiff submitted a claim to Philips' long-term disability program seeking benefits for his long-term disability. Plaintiff's claim was denied by letter from Sedgwick on May 21, 2010. Plaintiff timely

-1-

appealed on November 12, 2010, and Sedgwick denied his appeal in a letter dated January 17, 2011. Plaintiff filed this lawsuit on May 12, 2011, and asserts claims under 29 U.S.C. § 1132(a)(1)(B), (a)(3), and (g)(1).

## II. Analysis

### A. Defendants Have Not Shown That Plaintiff's Claims Are Untimely

Both defendants argue that plaintiff's claims should be dismissed because plaintiff's claims are untimely. This argument requires the court to consider the plan document attached to Philips' motion to dismiss. Typically, a court is limited to the four corners of the complaint in deciding a motion to dismiss. *See, e.g.*, *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (explaining that the district court's "disposition of the complaint was irregular" because "[a]lthough it characterized its action as a dismissal for failure to state a claim, the court did not restrict itself to looking at the complaint"). But there are exceptions to this rule. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (describing three exceptions). One exception allows the court to consider indisputably authentic documents referred to in the complaint and central to the plaintiff's claims. *Id.*; *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

In this case, the plan document is referred to in the complaint and is central to plaintiff's claims. But the court cannot consider the document in deciding these motions because plaintiff objects to the authenticity of the plan document. Plaintiff provides no facts indicating that the submitted document is false, altered, or counterfeit in any way. Plaintiff also fails to identify any discrepancies between the plan document submitted by Philips and the summary plan document submitted by plaintiff. Rather, plaintiff's sole argument is that the one month between the filing dates of Philips' motion to dismiss and plaintiff's opposition was insufficient time for plaintiff to analyze the document. The court is skeptical of plaintiff's objection. But plaintiff's objection precludes the

court from analyzing the plan document at the motion to dismiss stage.  Without reference to the plan document, defendants have not shown that plaintiff's claims are untimely.

### B. Defendants Have Not Shown That Plaintiff Failed To Exhaust Administrative Remedies

Defendants next argue that plaintiff's claims should be dismissed because plaintiff failed to exhaust his administrative remedies.  Generally, a plaintiff must exhaust all administrative remedies under an ERISA plan prior to seeking judicial relief.  *See Held v. Mfgs. Hanover Leasing Corp.*, 912 F.3d 1197, 1205 (10th Cir. 1990) (explaining in cases asserting a claim under 29 U.S.C. § 1132 the "exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief").  In this case, plaintiff alleges that he submitted a claim for long-term disability on or around May 20, 2010, his claim for benefits was denied by letter on May 21, 2010, he transmitted his appeal on or about November 12, 2010, and his appeal was denied by letter dated January 17, 2011.

Defendants argue that the May 21, 2010, November 12, 2010, and January 17, 2011 letters relate solely to short-term disability.  Even if defendants are correct, plaintiff still alleges that he submitted a claim for long-term disability on May 20, 2010, and the court must presume this allegation to be true.  *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) ("All well-pleaded facts . . . are accepted as true and viewed in the light most favorable to the nonmoving party.").  Moreover, these letters would establish that plaintiff's short-term disability claim was resolved.  They would not establish that plaintiff failed to exhaust his administrative remedies or that plaintiff's allegations regarding exhaustion of administrative remedies are not plausible.  Accordingly, defendants have not shown that plaintiff failed to exhaust his administrative remedies.

### C. Defendants Have Not Shown That They Are Not Proper Defendants

Defendants next argue that they are not proper defendants to plaintiff's claims. Specifically, both defendants argue that the plan document clearly identifies that MetLife—not either defendant—is the entity charged with administering and deciding claims. This argument is concerning to the court and could potentially be dispositive. But, as repeatedly noted, the court cannot review the plan document in deciding this motion. Therefore, defendants have not shown that they are not proper defendants to this action.

### D. Defendants Have Not Shown That Plaintiff Failed To State A Plausible Claim

Sedgwick argues that plaintiff has not stated a plausible claim against it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a complaint to include "enough facts to state a claim to relief that is plausible on its face"). Specifically, Sedgwick argues that a claims administrator—which it is alleged to be—is not a proper defendant. But plaintiff also alleges that Sedgwick denied plaintiff's claim for benefits and denied plaintiff's appeal. These allegations plausibly suggest that Sedgwick had some control over the decision to pay or not to pay benefits. *See Clark v. Prudential Ins. Co. of Am.*, No. 09-901-D, 2010 U.S. Dist. LEXIS 103977, at *5 n.3 (W.D. Okla. Sept. 29, 2010) (dismissing defendants because "the proper defendant to an ERISA action brought by plan participants to recover benefits due is the entity which controls the ultimate decision to pay or not pay benefits"). Therefore, Sedgwick has not shown that plaintiff failed to state a plausible claim against it.

Philips similarly argues that plaintiff fails to state a plausible claim against it. This is a closer case because plaintiff's complaint alleges that Sedgwick—not Philips—denied plaintiff's claims. But plaintiff does allege that Philips is the plan administrator and, at the motion to dismiss stage, this allegation is entitled to a presumption of truth. Given this allegation and drawing all reasonable inferences in favor of plaintiff, the court determines that plaintiff's complaint just survives this Rule

12(b)(6) challenge. *See Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) ("We assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs.").

### E. Defendants Have Not Shown That Count II Is Duplicative

Defendants' final argument is that the court should dismiss plaintiff's claim under 29 U.S.C. § 1132(a)(3) (Count II) because it is duplicative of plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) (Count I). The court agrees with defendants that a plaintiff cannot bring a claim under § 1132(a)(3) when § 1132(a)(1)(B) provides adequate relief for the alleged injury. *Lefler v. United Healthcare of Utah, Inc.*, 72 F. App'x 818, 826 (10th Cir. 2003). But, at this point in the proceedings, it is not clear that § 1132(a)(1)(B) provides adequate relief for plaintiff's alleged injury. For example, defendants do not concede that plaintiff has stated a cognizable claim for benefits under that section or that plaintiff has a right to bring a claim for benefits under that section. Therefore, in this procedural context, defendants have not shown that Count II is duplicative. *See, e.g.*, *Rogers v. Boeing Co. Emp. Ret. Plan*, No. 10-cv-1207-SAC, 2010 U.S. Dist. LEXIS 111239, at *8–11 (D. Kan. Oct. 19, 2010) ("The court does not agree that merely alleging an ERISA claim for recovery of benefits precludes all claims for equitable relief, without an individualized showing that relief is potentially available to this plaintiff under § 1132(a)(1)(B) based upon the claims made in this complaint.").

**IT IS THEREFORE ORDERED** that Philips' motion to dismiss (Doc. 14) is denied.

**IT IS FURTHER ORDERED** that Sedgwick's motion to dismiss (Doc.16) is denied.

Dated this 12th day of December, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge